**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| DARRIN CHRISTY, individually and on behalf of all others similarly situated, | ) ) ) | NO. 3:10-0874 |
| Plaintiff, | ) ) | JUDGE SHARP |
| vs. | ) ) | MAGISTRATE JUDGE KNOWLES |
| HERITAGE BANK, | ) ) | JURY DEMAND |
| Defendant. | ) ) | |

## CASE MANAGEMENT ORDER

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.01(d) of the Local Rules for the United States District Court for the Middle District of Tennessee, counsel for both parties have conferred and hereby submit the following proposed Case Management Order.

**1. JURISDICTION:** This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337 because this action arises under a federal question, the Electronic Fund Transfer Act, 15 U.S.C. §§1693 *et seq.* Jurisdiction of this Court is not in dispute.

**2. PLAINTIFF'S THEORY OF THE CASE:** Plaintiff asserts that Defendant, Heritage Bank, violated the EFTA and 12 C.F.R. § 205 *et seq.*, commonly referred to as Regulation E, by failing to post notice on the outside of the automated teller machines ("ATMs") at issue warning Plaintiff of the surcharge fee imposed for transactions at the machine, including cash withdrawals and balance inquiries. Plaintiff brings this action against Heritage Bank on behalf of himself and the proposed class seeking statutory damages, costs, and attorney's fees under 15 U.S.C. § 1693m.

Plaintiff asserts that the EFTA, 15 U.S.C. §§1693 *et seq.*, and 12 CFR §§1205 *et seq.*, impose strict liability upon the Defendant for charging a fee when the Defendant fails to provide both, on the machine and on screen, notice of its fee.

Plaintiff asserts that Defendant has adequate information to determine the number of users of its ATMs within the period of violation in order to determine the class size.

**3. DEFENDANT'S THEORY OF THE CASE:** Defendant Heritage Bank ("Heritage") denies that it violated the EFTA and/or Regulation E. Heritage denies that the EFTA and/or Regulation E impose strict liability. In the event that it is determined that the ATMs at issue in this suit did not have notices posted on or near said ATMs and/or that Heritage violated the EFTA and/or Regulation E, the notices were subsequently removed, damaged or altered by a person or persons other Heritage; thus, Heritage is not liable. In addition to or in the alternative, to the extent that any violations of the EFTA and/or Regulation E may have occurred, the violations were not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error; thus, Heritage is not liable. Finally, in addition to or in the alternative, to the extent that any violations of the EFTA and/or Regulation E may have occurred, any act and/or omission by Heritage done in good faith in conformity with EFTA, Regulation E, and/or any rule, regulation, or interpretation thereof by the Board or in conformity with any interpretation or approval by an official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations or approvals under such procedures as the Board may prescribe; thus, Heritage is not liable.

Heritage denies that Plaintiff, either individually or on behalf of the purported class, has any claims against it whatsoever. Further, Heritage denies that this case is appropriate for class

certification under Fed. R. Civ. P. 23(a), 23(b)(2) and/or 23(b)(3).

**4. IDENTIFICATION OF THE ISSUES.**

**(a) Resolved issues:** Jurisdiction and venue are admitted.

**(b) Unresolved:**

    **Liability and Damages:** Whether the Defendant violated the Electronic Fund Transfer Act and whether the violations, if any, justify damages and to what extent.

    **Affirmative Defenses:** If it is determined that Defendant violated the Electronic Fund Transfer Act, whether it is relieved from liability based on the affirmative defenses asserted by it.

    **Class Certification:** Whether this case is proper for class certification.

**5. CLASS CERTIFICATION:** The deadline for Plaintiff's Motion to Certify Class will be November 15, 2011. The deadline for Defendant's Response in opposition will be 45 days from the service of the Motion to Certify Class. Plaintiff shall have 10 days from service of the Response in opposition to file a Reply.

**6. INITIAL DISCLOSURES AND STAGING OF DISCOVERY**

**(a) Initial Disclosures: January 15, 2011**

**(b) Completing all Discovery: October 1, 2011**

**( c) Expert Disclosure (Rule 26):**

    **(i)** Plaintiff's Rule 26 Experts shall be disclosed by May 1, 2011.

    **(ii)** Defendant's Rule 26 Experts shall be disclosed by June 1, 2011.

    **(iii)** Plaintiff's Rebuttal Rule 26 Experts shall be disclosed by June 15, 2011.

All discovery-related motions shall be filed on or before October 15, 2011. Before filing any

discovery related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge.

**7. DISPOSITIVE MOTIONS/DISCOVERY FOLLOWING THE COURT'S RULING ON CLASS CERTIFICATION:** Following the Court's ruling on Plaintiff's Motion to Certify Class, the Court will schedule a status conference to determine the nature and scope of any subsequent discovery that may be necessary, set deadlines for the completion of any discovery permitted after the Court's ruling on class certification, and set a deadline for the filing of dispositive motions. Prior to that time, either party may file dispositive motions in accordance with Fed. R. Civ. P. 56 and Local Rule 56.01. Responses to dispositive motions shall be filed within thirty (30) days after service and optional replies shall be filed within fifteen (15) days after service of the response.

**8. OTHER DEADLINES:**

    **(a) Joining Parties (does not include opt-in Plaintiffs):**

        **(i)** Plaintiff: February 15, 2011.

        **(ii)** Defendant: February 15, 2011.

    **(a) Motions to Amend Pleadings:**

        **(i)** Plaintiffs: March 15, 2011.

        **(ii)** Defendant: March 15, 2011.

    **( c) Final List of Witnesses and Exhibits:** 21 Days before trial.

**9. ALTERNATIVE DISPUTE RESOLUTION:**

The Parties have not reached an agreement concerning alternative dispute resolution at this time. The Parties anticipate that a resolution of the class action issue will facilitate

agreement on alternative dispute resolution.

**10. TRIAL DATE: This case is set for trial on September 4, 2012, at 9:00 a.m. before the**

Honorable Kevin H. Sharp**. The pretrial conference is set for August 13, 2012, at 2:30 p.m.**

_____
Magistrate Judge Knowles

Approved for entry:

/s/Henry F. Todd, Jr._____
Henry F. Todd, Jr.
**TODD AND SPENCER**
404 East College St., Suite I
Dickson, TN 37055
Telephone: (615) 446-0511
Facsimile: (615) 441-3437

**OF COUNSEL:**

B. J. Wade, Esq.
**SKOUTERIS & MCGEE, PLLC**
50 N. Front Street, Suite 920
Memphis, TN 38103
Telephone: (901) 526-2254
Facsimile: (901) 526-4640

Eric G. Calhoun, Esq.
**TRAVIS, CALHOUN & CONLON, P.C.**
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas  75244
Telephone: (972) 934-4100
Facsimile: (972) 934-4101

*Attorneys for Plaintiff*