**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

---

**DARRIN CHRISTY, individually, and**
**on behalf of all others similarly situated,**

      **Plaintiffs**

**V.**                            **Case No. 3:10-cv-0874**

**HERITAGE BANK,**             **Judge Sharp**
                                     **Magistrate Judge Knowles**

      **Defendant.**

---

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

---

This Class Action Settlement Agreement (the "Agreement"), is entered into, in consideration of good and valuable consideration and subject to final Court approval, by and between Darrin Christy (the "Class Representative" or "Plaintiff"), on behalf of himself and the Class members as defined herein, with the assistance and approval of Class Counsel, on the one hand, and Heritage Bank ("Defendant"), with the assistance of its counsel of record in the Litigation, on the other hand, that, as among the Settling Parties, including all Class Members, the Litigation and the Released Claims shall be fully and finally compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties upon the terms and conditions as set forth herein.

WHEREAS, the Litigation was commenced by Plaintiff, individually and on behalf of an alleged class of persons and such Litigation is currently pending;

1

WHEREAS, in the Litigation, Class Representative alleges that Defendant violated the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq., by failing to provide a required exterior notice of automated teller machine ("ATM") fees on the ATMs at issue;

WHEREAS, Defendant denies Plaintiff's claims, denies any liability to Class Representative or any member of the alleged or proposed class, and denies any wrongdoing of every kind;

WHEREAS, Class Representative and Defendant agree that it is desirable that the Litigation be settled upon the terms and conditions set forth below to avoid further expense and uncertain, burdensome and potentially protracted litigation and to resolve all claims that have been or could have been asserted; and

WHEREAS, the Settling Parties have engaged in arm's-length settlement negotiations, and Class Counsel represent that they have otherwise conducted a thorough study and investigation of the law and the facts relating to the claims that have been or might have been asserted in the Litigation and have concluded, taking into account the benefits that Class Representative and the Class Members will receive as a result of this Settlement Agreement and the risks and delays of further litigation, that this Settlement Agreement is fair, reasonable and adequate and in the best interests of Class Representative and the Class.

NOW THEREFORE, intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set forth in this Agreement, the Settling Parties agree, subject to the approval of the Court and the provisions contained in this Agreement, that the Litigation and the Released Claims against any Defendant Releasees

are fully and finally compromised, settled and released, and that the Litigation shall be dismissed with prejudice as follows:

1.      Conditional Nature of Settlement Agreement.   This Class Action Settlement Agreement and Release, including all associated exhibits and attachments, is made for the sole purpose of attempting to consummate settlement of this action on a class-wide basis.  The Settlement Agreement is made in compromise of disputed claims. The Settlement Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions set forth in this Agreement.  Because this action was pled as a class action, this settlement must receive preliminary and final approval by the Court.  Accordingly, the Settling Parties enter into this Settlement Agreement and associated settlement (the "Settlement") on a conditional basis that is subject to the final approval of the Court.

2.      Effect of Disapproval.  In the event that the Court does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become Final for any reason, this Settlement Agreement shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever (except regarding the return of funds as indicated in this Agreement), it shall not be referred to or used for any purpose whatsoever, and any negotiations, terms and entry of the Settlement Agreement shall remain subject to the provisions of Federal Rule of Evidence 408 and any similar state law.

3.      Denial of Liability; No Admissions. Defendant denies all of the claims as to liability, damages, statutory damages, penalties, interest, attorney's fees, expenses, restitution and all other forms of relief, including but not limited to declaratory and/or

injunctive relief, as well as the class action allegations asserted in the Litigation. Neither this Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Defendant of any legal violations, any legal requirement or any failure to comply with any applicable law. Except as necessary in a proceeding to enforce the terms of this Settlement Agreement, this Settlement Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendant or any Defendant Releasees or to establish any condition constituting a violation of or noncompliance with federal, state, local or other applicable law, or the propriety of class certification in any proceeding or action. The Settling Parties expressly agree and represent that, in the event that the Court does not approve the Settlement Agreement, or any appellate court disapproves of the Settlement Agreement in any way that prevents the Settlement from becoming final and effective, no Party will use or attempt to use any conduct or statement of any other Party in connection with this Agreement or any effort to seek approval of the Settlement to affect or prejudice any other Party's rights in any ensuing litigation. The Defendant has agreed to resolve this Litigation through this Settlement Agreement, but to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, Defendant does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges. Defendant expressly reserves all rights and defenses as to any claims and

does not waive any such rights or defenses in the event that the Settlement Agreement is not approved for any reason.

4. <u>Definitions</u>.

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

4.1 "<u>ATMs at Issue</u>" means the automated teller machines operated by Defendant, located at (1) 108 Cumberland Street, Ashland City, TN; (2) 322 Main Street, Clarksville, TN; (3) 2185 Madison Street, Clarksville, TN; and (4) 2556 Highway 49, Pleasant View, TN.

4.2 "<u>Defendant</u>" means Heritage Bank.

4.3 "<u>Defendant Releasees</u>" means the Heritage Bank which by conversion is now known as Heritage Bank USA, Inc., each of its current and former affiliates (including, but not limited to, any parents, subsidiaries or holding companies), each of the foregoing's predecessors, successors, divisions, joint ventures and assigns, and each of any of the foregoing's past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, coinsurers, reinsurers, shareholders, attorneys, accountants or auditors, associates, personal or legal representatives.

4.4 "<u>Class</u>" or "<u>Settlement Class</u>" means the collective group of those persons who were charged or assessed any transaction fee, including any "terminal owner fee," surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at the ATMs at Issue from September 20, 2009, to and including September 30, 2010.

4.5      "Class Counsel" means Henry Todd of Todd and Spencer, 404 East College Street, Suite 1, Dickson, TN 37055; Eric G. Calhoun and the law firm of Travis & Calhoun, P.C., 1000 Providence Towers East, 5001 Spring Valley Road, Dallas, Texas 75244 and B. J. Wade, 6000 Poplar Avenue, Suite 250, Memphis TN 38119.

4.6      "Class Member" or "Member of the Class" means a person who is a member of the Settlement Class who does not submit a valid and timely request for exclusion or "opt-out" from the Class in accordance with the terms of this Agreement.

4.7      "Class Notice" means the Summary Notice, Internet Notice and ATM On Machine Notice to be approved by the Court substantially in the form attached hereto as Exhibits B1, B2 and B3.

4.8      "Class Period" means September 20, 2009, to and including September 30, 2010.

4.9      "Court" means the United States District Court for the Middle District of Tennessee, Nashville Division.

4.10     "Effective Date" means the date on which the Judgment becomes Final.

4.11     "Final" means the latest of: (i) the date of final affirmance of the last pending appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.

4.12     "Judgment" means the judgment to be rendered by the Court pursuant to this Settlement Agreement substantially in the form attached hereto as Exhibit D.

4.13 "Lead Class Counsel" shall mean Henry Todd of Todd and Spencer and Eric G. Calhoun of Travis & Calhoun, P.C.

4.14 "Litigation" or the "Lawsuit" means the lawsuit captioned Darrin Christy, individually and on behalf of all others similarly situated v. Heritage Bank, United States District Court for the Middle District of Tennessee, Civil Action No.3:10-cv-0874.

4.15 "Notice Publication Deadline" means the deadline for publication of the Summary Notice no less than fourteen (14) days after the Preliminary Approval Date. This same deadline shall apply for the posting of Internet Notice and ATM Notice.

4.16 "Notice Response Deadline" means the date forty-five (45) days after the Class Notice is published to the Class Members.

4.17 "Order of Final Approval" or "Order Granting Final Approval of Settlement" means an order to be entered and filed by the Court entitled "Order Granting Final Approval of Settlement" substantially in the form attached hereto as Exhibit C.

4.18 "Participating Claimant" or "Participating Claimants" means each Member of the Class who properly and timely submits a Qualifying Settlement Claim Certification Form in response to the Class Notice within one-hundred twenty (120) days from the Notice Publication Deadline.

4.19 "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

4.20 "Preliminary Approval Order" means an order to be executed and filed by the Court entitled "Order Granting Preliminary Approval" substantially in the form attached hereto as Exhibit A.

4.21 "<u>Qualifying Settlement Claim Certification Form</u>" means a Settlement Claim Certification Form that is completed, properly executed and timely returned to Class Counsel, postmarked within one-hundred twenty (120) days from the date of publication of Class Notice.

4.22 "<u>Released Claims</u>" means, individually and collectively, any and all claims (including without limitation Unknown Claims as defined herein), demands, rights, liabilities and causes of action of every nature and description whatsoever, including, without limitation, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, contingent or vested, against the Defendant Releasees, or any of them, that accrued, had accrued, or could have accrued at any time on or prior to the Preliminary Approval Date for any type of relief whatsoever, including, without limitation, compensatory damages, treble damages, unpaid costs, penalties, statutory damages, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, rescission, or equitable relief, based on any and all claims which are or could have been raised in the Litigation either individually or on a class-wide basis or which arise out of or are in any way related to: (i) the Defendant's alleged failure to provide adequate notice or disclosure as may be required by applicable law at the ATMS at Issue from September 20, 2009 to and including September 30, 2010; (ii) the charging, collection or assessment of any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at the ATMs at Issue from September 20, 2009 to and September 30, 2010; and (iii) any purported violation of the Electronic Fund Transfers Act, 15 U.S.C. § 1693 et seq., or any consumer protection statute, or omission,

8

incorrect disclosure, representation or misrepresentation, unfair business or trade practice that in any way relates to or arises from any disclosure or non-disclosure or the charging, collection or assessment of any transaction fee at the ATMs at Issue from September 20, 2009, to and including September 30, 2010.

4.23 "Settlement Claim Certification Form" means the form attached as Exhibit B4.

4.24 "Settlement Hearing" or "Fairness Hearing" means a hearing set by the Court to take place no earlier than ninety (90) days after entry of the Preliminary Approval Order for the purpose of (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering Judgment.

4.25 "Settlement Agreement" means this Agreement and Release, and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them and which is subject to Court approval. It is understood and agreed that the Defendant's obligations for payment under this Settlement Agreement are conditioned on the Preliminary Approval of the Settlement.

4.26 "Settling Parties" or "Parties" means the Defendant and the Class Representative on behalf of himself and any and all Class Members.

4.27 "Unknown Claims" means any Released Claims which the Class Representative or any Class Member does not know or suspect to exist in his, her or its favor at the time of the entry of the Judgment, and which, if known by him, her or it might have affected his, her or its settlement with and release of the Defendant Releasees.

The Class Representative and each Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, regulation or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representative acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

     5.    <u>The Settlement</u>.

     5.1    Consideration to Settlement Class Members.

Within fifteen (15) days of the date on which a Preliminary Approval Order is entered, the Defendant shall establish a "<u>Settlement Fund</u>" in the amount of TEN THOUSAND DOLLARS ($10,000.00) for the benefit of Class Members. This amount shall be paid into a trust account designated by Lead Class Counsel, consistent with instructions to be provided by Lead Class Counsel. If the Effective Date does not occur, all principal and interest if any, shall be returned to the Defendant, consistent with instructions to be provided by counsel for the Defendant.

Case 3:10-cv-00874   Document 66-1   Filed 12/01/14   Page 10 of 26 PageID #: 1287

5.1.1    Within forty-five (45) of the Effective Date, the Settlement Fund shall be disseminated by Lead Class Counsel to Participating Claimants on a pro rata basis; provided, however, that no Class Member shall receive a settlement payment in excess of TWO-HUNDRED DOLLARS ($200.00) ("Settlement Payment"). Class Members shall only be entitled to one Settlement Payment, irrespective of the number of transactions that a given Class Member negotiated at the ATMs at Issue during the Class Period. The only Class Members entitled to any payment under this Settlement Agreement and the associated Judgment are Participating Claimants.

5.1.2    Cy Pres. Any money remaining in the Settlement Fund, if any, after payments are made pursuant to Paragraph 5.1.1, shall be distributed by Class Counsel as a *cy pres* contribution in pro rata shares to the Legal Services of Middle Tennessee and the Public Justice Foundation.

5.2    Court Approval of Notice to the Class; Settlement Hearing.

5.2.1    The Class Representative and the Defendant, through its counsel of record in the Litigation, shall file this Settlement Agreement with the Court, and Class Representative shall move for (and the Defendant shall not oppose) preliminary approval of this Settlement Agreement, conditional certification of the Class, and the form and manner of Class Notice. Through this submission and a supporting motion, the Class Representative, through his counsel of record, will request (and the Defendant shall not oppose) that the Court enter the Preliminary Approval Order thereby scheduling the Settlement Hearing for the purposes of determining the fairness adequacy and reasonableness of the settlement, granting final approval of the settlement, granting final approval of this Settlement Agreement and entering Judgment.

5.2.2 If the Court enters the Preliminary Approval Order, then at the resulting Settlement Hearing, the Class Representative and the Defendant, through its counsel of record, shall address any written objections from Class Members or any concerns from Class Members who attend the hearing as well as any concerns of the Court, if any, and Class Representative shall and hereby does, unless provided otherwise in this Settlement Agreement, stipulate to (and the Defendant shall not and does not oppose) final approval of this Settlement Agreement and entry of the Judgment by the Court.

5.3 Notice to Class Members.

5.3.1 If, by entering the Preliminary Approval Order, the Court provides authorization to publish the Class Notice to Class Members, the Defendant, through its counsel of record, will cause the placement of ATM Notice, as is discussed further below. Class Counsel will cause the publication of Internet Notice and will cause the publication of Summary Notice. A copy of the proposed Class Notice is appended to this Agreement as Exhibits B1, B2 and B3.

5.3.2 Summary Notice shall be published two (2) times in the Clarksville Leaf Chronicle. ATM Notice shall be displayed on the ATMs at Issue for a period of at least sixty days (60) days, commencing on the Notice Publication Deadline. The ATM On Machine Notice shall be a standard 8 ½ by 11" white sheet of paper and be conspicuously displayed adjacent to the ATMs at a location approved by Class Counsel with a photograph. Defendant shall verify at least once per week during this period that the notice is on the ATMs and report same to Class Counsel. Internet Notice shall be

displayed on a website hosted by Class Counsel for a period of at least ninety (90) days, commencing on the Notice Publication Deadline.

        5.3.3     Within five (5) business days after the Preliminary Approval Order is entered, Defendant shall deliver a nonrefundable payment of $3,000.00 by wire transfer to Class Counsel for estimated costs of internet and publication notice.

        5.4     Responses to the Notice Re: Pendency of Class Action; Motion for Final Approval.

        5.4.1     Class Members (other than Class Representative) may elect to "opt out" of the Settlement and thus exclude themselves from the Lawsuit and the Class. Class Members who wish to exercise this option must do so in writing by mail postmarked on or before the Notice Response Deadline. Each writing must be personally signed by a single Class Member, no opt-out request may be made by a group of class members, and no opt-out request may be made or signed by an actual or purported agent or attorney acting or purporting to act on behalf of a Class Member. Any opt-out request must be mailed to Class Counsel, must be signed by the Class Member opting-out and must include the following information: (1) the name of the Class Member, (2) the current address of the Class Member, and, (3) the date signed. Any opt-out must be mailed to Class Counsel and postmarked no later than the Notice Response Deadline. Those Class Members who do not opt out of the Settlement in a manner consistent with the conditions just described will be deemed to have forever waived their right to opt out of the Class and this Settlement. Class Members who do properly opt out shall have no further role in the Litigation, and for all purposes they shall be regarded as if they never

were a party to this Litigation, and thus they shall not be entitled to any benefit as a result of this Litigation.  Class Members may also object to this Settlement Agreement by filing a written objection, together with any supporting papers, including proof of class membership such as a receipt or card statement demonstrating that they paid an ATM fee to the Defendant during the Class Period (hereinafter collectively referred to as the "Notice of Objection"), with the United States District Court for the Middle District of Tennessee, Nashville Division, no later than the Notice Response Deadline.  Class Counsel must also be served with copies of the objections, postmarked no later than the Notice Response Deadline.  The Class Notice shall advise Class Members of this option. Class Counsel shall provide any such objections he receives to the Defendant and subsequently the Court in the final approval process.  Any Class Member who does not object to the Settlement in the manner just described shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement or any provision of this Settlement Agreement.

        5.4.2      Prior to the Settlement Hearing and consistent with the rules established by the Court, the Class Representative shall move (and Defendant shall not oppose) the Court for entry of the Order of Final Approval (and the associated entry of Judgment).  Also prior to the Settlement Hearing, Class Counsel shall file a Motion for Fees and Costs, consistent with this Settlement Agreement.  The Class Representative and Class Counsel shall be responsible for justifying the agreed upon payments set forth in this Settlement Agreement.  To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Settlement Hearing.

The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval. If the Court rejects the Settlement, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Settlement Agreement shall be void *ab initio*, and Class Counsel shall cause all moneys held in escrow to be returned to the Defendant.

      5.5     Timing of Payment to Participating Claimants and Notice of Final Approval to Settlement Class Members.

      5.5.1     Within forty-five (45) days of and only after the Effective Date, Class Counsel shall provide to each Participating Claimant his or her Settlement Payment.

      5.6     Release.

      Upon the Effective Date, the Class Representative and each of the Class Members (for themselves and their respective heirs, executors, administrators, affiliates, successors and assigns) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Claims.

      5.7     Payment of Costs, Attorney Fees and to the Class Representative.

      5.7.1     Subject to Court approval, Class Counsel shall receive seventy-four thousand dollars ($74,000.00) from the Defendant for all attorney fees and allowable Litigation costs and expenses. This amount shall be separate and apart, and in addition to, the amounts in the Settlement Fund and notice referred to in Section 5.3.3. This amount shall be payable by the Defendant within fifteen (15) days after the Preliminary Approval Date by wire transfer to the account designated by Lead Class Counsel. The payment shall be held in trust by Lead Class Counsel until ten days after

Judgment is entered. Payments made pursuant to this Paragraph shall constitute full satisfaction of any claim for fees and/or costs, and the Class Representative and Class Counsel, on behalf of themselves and all Class Members, agree that they shall not seek nor be entitled to any additional attorney fees or costs under any theory. The Class Representative and Class Counsel agree that they shall be responsible for justifying the amount of this cost and fee payment to the Court, and they agree to submit the necessary materials to justify this payment along with the motion for final approval of the Settlement Agreement. The Defendant agrees not to oppose Class Counsels' submission regarding, or request for approval of, this payment of fees or costs provided it is consistent with this Settlement Agreement.

     5.7.2  On behalf of Plaintiff Darrin Christy, in his personal capacity only, Class Counsel shall request an incentive payment in the gross amount of $3,000.00 for Mr. Christy. This amount shall be wired to Lead Class Counsel within fifteen (15) days after the Preliminary Approval Date and shall be held in trust by Lead Class Counsel until ten days after the Effective Date, at which time it will be payable to Plaintiff Christy, unless there are no objections to the Settlement, in which case the amount shall be payable within ten (10) days after Judgment has been entered. This payment shall be compensation and consideration for Plaintiff Christy's efforts and willingness to serve as the Class Representative in the Litigation. The incentive payment will be paid separate and apart, and in addition to the amounts in the Settlement Fund. The Defendant agrees not to oppose Class Counsels' submission regarding said application for the incentive payment.

     5.8  Claims Administration.

This Settlement shall be administered by Lead Class Counsel. The Defendant or any Defendant Releasees shall have no responsibility or liability for any amounts, costs or fees, including attorneys' fees, related to or arising out of the administration of the Settlement.

5.9     Termination of Settlement.

In the event that the Settlement Agreement is not substantially approved by the Court or the settlement set forth in the Settlement Agreement is terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment does not become Final, or to the extent termination, cancellation or voiding of the Settlement Agreement is otherwise provided, no payments shall be made or distributed to anyone in accordance with the terms of this Settlement Agreement, the funds shall be returned to the Defendant within ten (10) days, the Settling Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, and this Settlement Agreement shall be deemed null and void with no effect on the Litigation whatsoever. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

5.10    Miscellaneous Provisions.

5.10.1     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement Agreement

and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.

5.10.2 The Settlement Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense. The Settling Parties agree that the amounts paid in Settlement and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

5.10.3 Neither the Settlement Agreement, nor any act performed or document executed pursuant to, or in furtherance of, the Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendant Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendant Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

5.10.4 All of the exhibits to the Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

5.10.5 Except as otherwise provided in this Agreement, each party shall bear its own attorneys' fees and costs. All Class Members will be responsible for paying any and all income taxes that may be due as a result of their participation in the settlement described in this Agreement.

5.10.6    The Settlement Agreement constitutes the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  This Agreement supersedes any and all prior oral or written understandings, agreements, and arrangements between the Parties with respect to the settlement of the Litigation and the Released Claims.  Except those set forth expressly in this Agreement, there are no other agreements, covenants, promises, representations, or arrangements between the Parties with respect to the settlement of the Litigation and the Released Claims.  This Agreement may be altered, amended, modified, or waived, in whole or in part, only by a writing signed by all Parties to this Agreement, and may not be altered, amended, modified, or waived, in whole or in part, orally or by an unsigned writing of any kind.

5.10.7    Class Counsel, on behalf of the Class, are expressly authorized by the Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to the Settlement Agreement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Class which they deem appropriate.  Each Party to this Settlement Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and/or upon the advice of his, her, or its own counsel, and is not acting in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in writing in this Agreement.

5.10.8     Each counsel or other Person executing the Settlement Agreement or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

5.10.9     The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

5.10.10     This Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, administrators, executors, successors and assigns of the Parties hereto; but otherwise this Settlement Agreement is not designed to and does not create any type of third party beneficiaries.

5.10.11     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

5.10.12     The Settlement Agreement and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of Tennessee, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Tennessee without giving effect to that State's choice of law principles.

5.10.13     The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party.  No party shall be deemed the drafter of this Settlement

Agreement. The parties acknowledge that the terms of the Settlement Agreement are contractual and are the product of negotiations between the parties and their counsel. Each party and their counsel cooperated in the drafting and preparation of the Settlement Agreement. In any construction to be made of the Settlement Agreement, the Settlement Agreement shall not be construed against any party. Any canon of contract interpretation to the contrary, under the law of any state, shall not be applied.

   IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.

DATED: _____, 2014

By:_____
  DARRIN CHRISTY

Plaintiff and Class Representative

HERITAGE BANK USA, Inc.

DATED: _____, 2014

By: _____

Its: _____

DATED: _____, 2014

_____
Eric G. Calhoun
Travis & Calhoun, P.C.
1000 Providence Towers East
5001 Spring Valley
Dallas, Texas 75244
(972) 934-4100 - Telephone
(972) 934-4101 - Facsimile
eric@travislaw.com

ATTORNEY FOR PLAINTIFF


DATED: _____, 2014

_____
HENRY F. TODD, JR..
Todd & Spencer
404 East College St., Suite I
Dickson, TN 37055
(615) 446-0511 - telephone
(615) 441-3437 – facsimile
henrytoddjr@bellsouth.net
ATTORNEY FOR PLAINTIFF


DATED: _____, 2014

_____
MARTIN HOLMES
Attorney at Law
Fifth Third Center
Suite 1401
424 Church Street
Nashville, TN 37219
Telephone: (615)620-1717
Facsimile: (615)256-8386
mdholmes@dickinsonwright.com

ATTORNEYS FOR DEFENDANT

Agreement. The parties acknowledge that the terms of the Settlement Agreement are contractual and are the product of negotiations between the parties and their counsel. Each party and their counsel cooperated in the drafting and preparation of the Settlement Agreement. In any construction to be made of the Settlement Agreement, the Settlement Agreement shall not be construed against any party. Any canon of contract interpretation to the contrary, under the law of any state, shall not be applied.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.

DATED: _November 14_, 2014

By: _Darrin Christy_
DARRIN CHRISTY

Plaintiff and Class Representative

HERITAGE BANK

DATED: _____, 2014

By: _____

Its: _____

21

Agreement. The parties acknowledge that the terms of the Settlement Agreement are contractual and are the product of negotiations between the parties and their counsel. Each party and their counsel cooperated in the drafting and preparation of the Settlement Agreement. In any construction to be made of the Settlement Agreement, the Settlement Agreement shall not be construed against any party. Any canon of contract interpretation to the contrary, under the law of any state, shall not be applied.

      IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.

DATED: _____, 2014

By: _____
    DARRIN CHRISTY

Plaintiff and Class Representative

HERITAGE BANK USA, INC.

DATED: _11-24_, 2014

By: _____

Its: _____

21

DATED: _____, 2014

Eric G. Calhoun
Travis & Calhoun, P.C.
1000 Providence Towers East
5001 Spring Valley
Dallas, Texas 75244
(972) 934-4100 - Telephone
(972) 934-4101 - Facsimile
eric@travislaw.com

ATTORNEY FOR PLAINTIFF


DATED: _____, 2014

HENRY F. TODD, JR..
Todd & Spencer
404 East College St., Suite 1
Dickson, TN 37055
(615) 446-0511 - telephone
(615) 441-3437 - facsimile
henrytoddjr@bellsouth.net
ATTORNEY FOR PLAINTIFF


DATED: 12/1, 2014

MARTIN HOLMES
Attorney at Law
Fifth Third Center
Suite 1401
424 Church Street
Nashville, TN 37219
Telephone: (615)620-1717
Facsimile: (615)256-8386
mdholmes@dickinsonwright.com

ATTORNEYS FOR DEFENDANT


22

DATED: _November 15_, 2014

Eric G. Calhoun
Travis & Calhoun, P.C.
1000 Providence Towers East
5001 Spring Valley
Dallas, Texas 75244
(972) 934-4100 - Telephone
(972) 934-4101 - Facsimile


ATTORNEY FOR PLAINTIFF


DATED: _Nov 14_, 2014

HENRY F. TODD, JR..
Todd & Spencer
404 East College St., Suite 1
Dickson, TN 37055
(615) 446-0511 - telephone
(615) 441-3437 – facsimile
henrytoddjr@bellsouth.net
ATTORNEY FOR PLAINTIFF


DATED: _____, 2014

MARTIN HOLMES
Attorney at Law
Fifth Third Center
Suite 1401
424 Church Street
Nashville, TN 37219
Telephone: (615)620-1717
Facsimile: (615)256-8386
mdholmes@dickinsonwright.com

ATTORNEYS FOR DEFENDANT


26