UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

**DARRIN CHRISTY, individually, and
on behalf of all others similarly situated,**

    Plaintiffs

V.                                        Case No. 3:10-cv-0874

**HERITAGE BANK,**                **Judge Sharp**
                                                         **Magistrate Judge Knowles**

    **Defendant.**

### JUDGMENT

This matter came on for hearing upon the Parties' application for approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Class Action Settlement Agreement filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the other Members of the Settlement Class and Heritage Bank.

3. The Court finds that the distribution of the Notice to Class Members Re: Pendency of Class Action as provided for in the Order Granting Preliminary Approval for the Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class and fully met the requirements of Federal Rule of Civil Procedure

23(c)(2)(B) and of due process under the United States Constitution. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the notice to the class was adequate.

4. The Court finds in favor of settlement approval.

5. The Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

6. Except as to any individual claim of those persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Class, all of the Released Claims are dismissed with prejudice as to the Class Representative and the other Members of the Class. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement.

7. Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Settlement Agreement.

8. With respect to the Rule 23 Class, this Court finds and concludes that: (a) the Members of the Rule 23 Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are a number of questions of law or fact common to the Rule 23 Class, and there is a well-defined community of interest among Members of the Rule 23 Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Darrin Christy are typical of the claims of the Members of the Rule 23 Class; (d) the Class Representative has fairly and adequately protected the interests of the Members of the Rule 23 Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over any potential individual issues; and (f) the counsel of record for the Class Representative, Eric G. Calhoun, Henry Todd and B. J. Wade are qualified and appointed to serve as counsel for the plaintiffs in their individual and representative

capacities and for the Rule 23 Class.

        9.      By this Judgment, the Class Representative shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Defendant Releasees that accrued at any time on or prior to the date of Preliminary Approval for any type of relief whatsoever, including, without limitation, compensatory damages, treble damages, unpaid costs, penalties, statutory damages, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, rescission, or equitable relief, based on any and all claims which are or could have been raised in the Litigation either individually or on a class-wide basis which arise out of or are in any way related to: (i) the Defendant's alleged failure to provide adequate notice or disclosure as may be required by applicable law at the ATMs at Issue during the Class Period; (ii) the charging, collection or assessment of any transaction fee, including any "terminal owner fee", surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at the ATM at Issue from September 20, 2009, to September 30, 2010, inclusive; and (iii) any purported violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*, or any consumer protection statute, or omission, incorrect disclosure, representation or misrepresentation, unfair business or trade practice that in any way relates to or arises from any disclosure or non-disclosure or the charging, collection or assessment of any transaction fee at the ATMs at Issue between September 20, 2009, and September 30, 2010.  This action is hereby dismissed in its entirety with prejudice.

        10.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendant Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendant Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

3

The Defendant Releasees may file the Settlement Agreement and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The only Settlement Class Members entitled to relief pursuant to this Judgment are Participating Claimants. Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

12. Defendant has agreed to pay $74,000 for Class Counsel's reasonable attorneys' fees and any allowable costs in this matter, and has also agreed to pay the amount of $3,000 as a Plaintiff's incentive payment. The Court finds that the amount of fees and costs requested by Class Counsel, and the Plaintiff's incentive payment, are fair and reasonable. Defendant is directed to make such payments in accordance with the terms of the Settlement Agreement.

13. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class and Heritage Bank for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

14. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _____        _____
                                UNITED STATES DISTRICT JUDGE